Snell & Wilmer L.L.P.
Patricia Brum, Bar No. 296629
pbrum@swlaw.com
City National 2CAL
350 South Grand Avenue
Suite 3100
Los Angeles, California 90071-3420
Telephone: 213.929.2500
Facsimile: 213.929.2525

*Attorneys for Defendant*
PINPOINT OFFERS USA LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS SALAMIPOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINPOINT OFFERS USA LLC, and DOES 1-10 Inclusive,<br><br>Defendant. | Case No. 8:25-cv-01997-ADS<br><br>**DEFENDANT PINPOINT OFFERS USA LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant PINPOINT OFFERS USA LLC ("Defendant") by and through its attorneys, hereby submits its Answer to Plaintiff CHRIS SALAMIPOUR, individually and on behalf of all others similarly situated, First Amended Class Action Complaint ("Complaint") and Jury Trial Demand. No answer is required with respect to the headings, prayers for relief, and other contents of the Complaint that do not set forth allegations of fact and are not included within numbered Paragraphs. Any such materials are repeated herein solely or ease of reference when comparing this Answer with the Complaint.

4904-5043-3421

**INTRODUCTION**

1.      Admit that Plaintiff purports to bring a putative class action against Defendant under the Telephone Consumer Protection Act ("TCPA"). Deny that Plaintiff's putative class action is proper and/or that Plaintiff is entitled to any damages or relief against Defendant. Deny the remaining allegations in this paragraph.

2.      Paragraph 2 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that *Mims v. Arrow Fin. Servs.,* LLC, 132 S. Ct. 740, 744 (2012) speaks for itself, and denies that Paragraph 2 accurately characterizes the law or the facts at issue.

3.      Paragraph 3 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that TCPA, Pub.L. No. 102-243, § 11, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) speak for themselves, and denies that Paragraph 3 accurately characterizes the law or the facts at issue.

4.      Paragraph 4 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that TCPA, Pub.L. No. 102-243, §§ 12-13 and *Mims v. Arrow Fin. Servs.,* LLC, 132 S. Ct. 740, 744 (2012) speak for themselves, and denies that Paragraph 4 accurately characterizes the law or the facts at issue.

5.      Paragraph 5 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) speaks for itself, and denies that Paragraph 5 accurately characterizes the law or the facts at issue.

6.      Paragraph 6 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states

4904-5043-3421

that *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) speaks for itself, and denies that Paragraph 6 accurately characterizes the law or the facts at issue.

7.    Paragraph 7 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) speaks for itself, and denies that Paragraph 7 accurately characterizes the law or the facts at issue.

8.    Paragraph 8 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that *Ashland Hops. Corp. v. Serv. Employees Intl'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 743 (6th Cir. 2013) speaks for itself, and denies that Paragraph 8 accurately characterizes the law or the facts at issue.

9.    Paragraph 9 contains legal argument and/or quotations of authorities to which no response is required. To the extent a response is required, Defendant states that 73 FR 51164-01, 51167 (Aug. 29, 2008) speaks for itself, and denies that Paragraph 9 accurately characterizes the law or the facts at issue.

## JURISDICTION AND VENUE

10.    Defendant admits that Plaintiff alleges jurisdiction. Defendant denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations in Paragraph 10 to the extent they constitute anything other than a jurisdictional allegation.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 regarding Plaintiff's residency and location at the time of alleged calls, and on that basis denies them. However, Defendant does not dispute venue in this district.

/ /

/ /

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
CASE NO. 8:25-CV-01997-ADS

4904-5043-3421

**PARTIES**

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 regarding Plaintiff's residency and location at the time of alleged calls, and on that basis denies them.

13.    Defendant admits only that Plaintiff alleges Defendant is a California corporation and alleges Defendant conducted business in California and within this district. Defendant denies the remaining allegations in Paragraph 13.

**FACTUAL ALLEGATIONS**

14.    Defendant denies the allegations in Paragraph 14.

15.    Defendant denies the allegations in Paragraph 15.

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant denies the allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies the allegations in Paragraph 27.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

33.    Defendant denies the allegations in Paragraph 33.

34.    Paragraph 34 contains legal argument and/or characterizations of agency guidance to which no response is required. To the extent a response is required, Defendant denies the allegations.

35.    Paragraph 35 contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant denies the allegations in Paragraph 43.

44.    Defendant denies the allegations in Paragraph 44.

45.    Defendant denies the allegations in Paragraph 45.

## CLASS ACTION ALLEGATIONS

46.    Defendant admits only that Plaintiff purports to bring this case on behalf of himself and others similarly situated and purports to define two proposed classes. Defendant denies that class treatment is appropriate and denies the remaining allegations in Paragraph 46.

47.    Defendant admits only that Plaintiff purports to define a "National Do-Not-Call Class." Defendant denies that the proposed class may be certified, denies that Plaintiff is an adequate representative, and denies the remaining allegations in Paragraph 47.

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

48.     Defendant admits only that Plaintiff purports to define an "Internal Do-Not-Call Class." Defendant denies that the proposed class may be certified, denies that Plaintiff is an adequate representative, and denies the remaining allegations in Paragraph 48.

49.     Defendant admits only that Plaintiff purports to exclude Defendant's employees and agents from the proposed classes and alleges the proposed classes number in the thousands. Defendant denies the remaining allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50

51.     Paragraph 51 contains legal argument and/or legal conclusions to which no response is required. To the extent a response is required, Defendant denies that class certification is appropriate in this matter, that class action would be superior, or that the classes can be identified through Defendant's records or defendant's agents' records.

52.     Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 contains legal argument and/or legal conclusions to which no response is required. To the extent a further response is required, Defendant denies that common questions of law and fact would predominate in this case, and affirmatively asserts that the class would be utterly unmanageable, and would require the court to individually assess liability for each class member's claims, turning this putative class action into a series of improper, individual "mini-trials."

54.     Paragraph 54 contains legal argument and/or legal conclusion that Plaintiff is adequate class representative to which no response is required. To the extent a further response is required, Defendant lacks sufficient knowledge to admit or deny the allegation of this Paragraph and, on that basis, denies them.

55.     Defendant denies the allegations in Paragraph 55.

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

56. Paragraph 56 contains legal argument and/or legal conclusions to which no response is required. To the extent a further response is required, Defendant denies that common questions of law and fact would predominate in this case, and affirmatively asserts that the class would be utterly unmanageable, and would require the court to individually assess liability for each class member's claims, turning this putative class action into a series of improper, individual "mini-trials."

57. Paragraph 57 contains legal argument and/or legal conclusion that Plaintiff is adequate class representative to which no response is required. To the extent a further response is required, Defendant lacks sufficient knowledge to admit or deny the allegation of this Paragraph and, on that basis, denies them.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant admits only that Plaintiff alleges he retained counsel. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and on that basis denies them.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(c)

### On Behalf of the National DNS and Internal DNC Class

62. Defendant admits only that Paragraph 62 purports to incorporate prior allegations by reference. To the extent Paragraph 62 asserts any independent factual allegations, Defendant denies them.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

/ /

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO. 8:25-CV-01997-ADS

4904-5043-3421

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227(c)

## On Behalf of the National DNS and Internal DNC Class

66.    Defendant admits only that Paragraph 66 purports to incorporate prior allegations by reference. To the extent Paragraph 66 asserts any independent factual allegations, Defendant denies them.

67.    Defendant denies the allegations in Paragraph 67.

68.    Defendant denies the allegations in Paragraph 68.

69.    Defendant denies the allegations in Paragraph 69.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. Defendant reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

One or more members of the putative class lack standing to maintain the instant causes of action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff or one or more members of the putative class gave prior express consent and/or consent to receive the "calls" at issue in this case.

## FOURTH AFFIRMATIVE DEFENSE

Calls made for the purpose of offering to buy plaintiff's and/or other putative class members' real properties are not "solicitations" within the meaning of the

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

TCPA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the other putative class members' cellular telephone numbers are not residential telephone lines covered under section 227(c) of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

All claims for class-wide relief contained in the Complaint are barred because class certification is inappropriate in this matter under Federal Rule of Civil Procedure 23.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's conduct is not unlawful in that Defendant complies with applicable statutes and regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom Defendant has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not intend to call him without his prior consent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

## TWELFTH AFFIRMATIVE DEFENSE

The statutory damages sought are excessive in violation of the Eighth

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

Amendment of the United States Constitution and are in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

The acts and statements of Defendant were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendant. Defendant acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Thus, Plaintiff is not entitled to any damages whatsoever.

## FOURTEETH AFFIRMATIVE DEFENSE

Plaintiff's and the other putative class members' claims are barred because a text message is not a call under the TCPA.

## FIFTEETH AFFIRMATIVE DEFENSE

The above affirmative defenses are based upon the information presently known and available to Defendant. Defendant does not precisely know all facts concerning the conduct of Plaintiff to state all affirmative defenses at this time. Moreover, discovery in this matter may reveal additional bases for the stated or additional affirmative defenses. Defendant reserves the right to seek leave of the Court to amend this answer to plead such additional affirmative defenses and additional bases for stated affirmative defenses should they be discovered.

## PRAYER FOR RELIEF

Wherefore, Defendant PINPOINT OFFERS USA LLC prays to the Court as follows:

1. That Plaintiff take nothing by reason of this Complaint;

2. That the Court deny certification of any class;

3. That the Court enter judgment in favor of Defendant; and

4. That the Court award such further relief as the Court deems just and

- 10 -

4904-5043-3421

proper.

### **JURY TRIAL DEMAND**

Defendant PINPOINT OFFERS USA LLC hereby requests a trial by jury.


Dated: February19, 2026                    SNELL & WILMER L.L.P.


By: /s/ *Patricia Brum*
Patricia Brum
350 South Grand Avenue,
Suite 3100,
Los Angeles, California 90071

*Attorney for Defendant*
*PINPOINT OFFERS USA LLC*

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND JURY
TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421

**CERTIFICATE OF SERVICE**

This certifies that on the 19th of February, 2026, a true and correct of **DEFENDANT PINPOINT OFFERS USA LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND** were served via email upon counsel of record, including as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Matthew R. Snyder, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Road, Suite 105
Calabasas, California 91302
Phone:  (818) 619-3774
Email:  tfriedman@toddflaw.com
        abacon@toddflaw.com
        msnyder@toddflaw.com

*Attorneys for Plaintiff*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 19, 2026, at Los Angeles, California.

/s/ Deborah M. Aguilar
Deborah M. Aguilar
daguilar@swlaw.com

-12-

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
CASE NO.  8:25-CV-01997-ADS

4904-5043-3421